# McGaughey *v.* McGaughey, Appellant.

*Practice, C. P.—Case tried by the court without a jury—Findings of fact.*

1. The findings of fact by the court in a case tried by the court without a jury, when based upon evidence, will, in an appellate court, have the force of the verdict of a jury, and will not be reversed in the absence of manifest error.

*Payment—Payment into court—Assignments of debt—Judgment.*

2. While an obligor cannot make a legal payment after notice of an

assignment of a debt to a use plaintiff, this does not prevent his re-lieving himself from the debt, interest and costs, by turning the fund over to the court for disposition, so as to ascertain who is the substantial plaintiff.

Argued May 9, 1910.   Appeal, No. 193, April T., 1910, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1904, No. 217, on case tried by the court without a jury in suit of W. R. McGaughey, Administrator of Franklin A. McGaughey, for use v. William R. McGaughey.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Case tried by the court without a jury under the Act of April 22, 1874, P. L. 109.   Before PRATHER, P. J.
The opinion of the Superior Court states the case.

*Errors assigned* were various findings of fact and conclusions of law and the judgment of the court.

*H. N. Snyder*, with him *W. L. Peart*, for appellant.

*R. L. Ralston*, with him *Calvin Rayburn*, for appellee.

OPINION BY ORLADY, J., July 20, 1910:
This case had its inception in the entry of a judgment against William R. McGaughey, in the court of common pleas of Armstrong county on February 13, 1878, in favor of Franklin A. McGaughey, for use.   Soon thereafter the defendant obtained a rule upon the plaintiff to show cause why he should not be let into a defense, which was made absolute in part by the court allowing the defendant to defend as to $150 of the judgment.   No further action was taken until December, 1904, when a scire facias was issued and returned nihil.   In 1905 an alias scire facias was issued, and a judgment was entered by default for want of an appearance in the sum of $1,140. In March, 1906, the defendant petitioned the court to stay a writ of fi. fa. which had been issued therein, and

asked for a Rule to strike off the judgment, which rule subsequently was made absolute. On June 24, 1909, the attorneys for the plaintiff and defendant by writing filed, agreed to dispense with a trial by jury and submit the case to the court under the provisions of the Act of assembly of April 22, 1874, P. L. 109. On March 10, 1910, after a full hearing on the testimony, and on exceptions filed to the conclusions of fact and law, the court entered a final judgment for $1,262, and reinstated the defendant's petition to open the judgment so as to let him into a defense as to $150 with interest thereon, which amounted to $473.25, and also entered a judgment in favor of the plaintiff and against the defendant for $788.75.

The defendant filed thirty-one exceptions to the findings of fact and conclusions of law by the court below, and supports his appeal to this court by twenty-seven assignments of error. The ground has been fully covered and every disputed question of law and fact has been carefully disposed of. The findings of fact by the court in a case tried without a jury, when based upon sufficient evidence, will have the force in an appellate court, of a verdict of a jury and will not be reversed in the absence of manifest error. After a careful investigation of the whole record we find there is ample evidence to sustain the finding of the court, and any other conclusion would have been erroneous. The defendant admits that he never paid the judgment, and his only defense to its revival is that there is an outstanding interest in a use plaintiff, against whom he asserts no defense.

The disposition of a fund, when once in court, can be made on an application by a claimant to that fund, in order to establish his title to the whole or any part of it before he receives it, but this need not concern the present defendant who admits that he owes the debt. He can relieve himself of all liability by paying the fund into court. It is true that an obligor cannot make a legal payment after notice of an assignment of the debt to a use plaintiff, but conceding this it does not prevent his reliev-

ing himself from the debt, interest and costs by turning the fund over to the court for disposition, so as to ascertain who is the substantial plaintiff.

The case was so fully and carefully tried by the court below, and the final order is so in accord with the law and fact applicable to the case, that no good purpose would be served by a further consideration of it. No one of the assignments of error is sustained and the judgment is affirmed.